{¶ 18} I concur in the judgment and opinion. I write separately to emphasize my support of the majority opinion's conclusion that injury to an individual's trade or profession constitutes defamation per se.
 {¶ 19} The allegations of sexual harassment, if false, amount to defamation per se. Blatnik v. Avery Dennison Corp., 148 Ohio App.3d 494,2002-Ohio-1682, ¶ 57, not accepted for review in 96 Ohio St.3d 1465,2002-Ohio-3910. "One who is rightfully or wrongfully accused of such activities can essentially say good-bye to their career. In either event, they have become damaged goods in the workplace." Id. at ¶ 67. Where sexual harassment allegations are made against an individual in the workplace, the alleged perpetrator's "reputation is ruined when he is publicly labeled as one who cannot be trusted around women in the workplace. If the label is accurate, so be it. But if it is not, then damages will naturally flow from the defamatory statements." Id. at ¶ 71.
 {¶ 20} Therefore, as found in Blatnik and the majority opinion, I agree that the statements accusing Shoemaker of sexual harassment in the workplace were, if proven false, defamatory per se. Consequently, damages are presumed. Accordingly, I agree that we must reverse the trial court's judgment. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
 Kline, J.: Concurs in Judgment and Opinion with Attached Opinion. *Page 1